NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 260500-U

NO. 4-26-0500

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 24, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| KELVIN L. HARRIS-KIRBY, | ) | No. 26CF48 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Randy A. Yedinak, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Grischow and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*: Given that defendant has multiple prior convictions of domestic battery and the proof was evident or the presumption great that he committed the present charged offenses of aggravated domestic battery and domestic battery while he was on probation for domestic battery, the State proved, by clear and convincing evidence, that no condition of pretrial release or combination of such conditions could mitigate the real and present threat he posed to the safety of the domestic violence victim.

¶ 2    Defendant, Kelvin L. Harris-Kirby, who is charged in the circuit court of Livingston County with aggravated domestic battery (720 ILCS 5/12-3.3(a)(5) (West 2024)) and domestic battery (*id.* §§ 12-3.2(a)(1), (2)), appeals the denial of his motion for relief from pretrial detention. According to his motion, the State failed to prove, at the pretrial detention hearing, that conditions of pretrial release would be ineffectual to mitigate the threat he posed to the victim, Alexandra Harris-Kirby. In our *de novo* review of the evidence proffered at the hearing, we conclude that the State carried its burden of proof in that regard. Therefore, we affirm the

court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4            At the pretrial detention hearing, the State proffered that on February 25, 2026, officers with the Livingston County Sheriff's Office were dispatched to a residence in Streator, Illinois, in response to a domestic disturbance. The 911 caller, a woman, had reported to the dispatcher that a man had choked her and held her down, and the dispatcher had heard the woman yelling on the telephone, "[g]et off of me." When the police arrived at the residence, Alexandra came to the door and was crying, and defendant was standing in the living room. It appeared to Deputy Jacob Gamblin that both Alexandra and defendant were intoxicated. Gamblin first spoke with Alexandra outside the residence. She told him that defendant had thrown her to the floor and had put her in a chokehold, cutting off her airway. Gamblin saw redness on Alexandra's neck and throat. Alexandra said the redness was from defendant's having choked her. Police officers photographed her neck. Defendant was too drunk to say much, but he denied having choked Alexandra. Gamblin noted in his report that this was the second domestic incident he had responded to regarding defendant and Alexandra. Before that, there was a previous 911 call about a domestic disturbance, but it was a hang-up call.

¶ 5            In arguing that defendant posed a threat to Alexandra that could not be mitigated by any conditions of pretrial release, the State pointed out to the circuit court that, according to the Ontario Domestic Assault Risk Assessment—an actuarial tool that ranked men by the risk they posed for domestic violence recidivism—defendant was 74% likely to commit a further act of domestic violence. Also, the State observed that defendant was, in fact, a repeat perpetrator of domestic violence, even in defiance of probation and conditional discharge. In this respect, we quote the memorandum the State has filed in this appeal:

"The State noted that defendant has multiple prior domestic battery convictions ([Livingston County case Nos.] 24-CF-416, 24-DV-111, and 14-CM-637) as well as a prior violation of pretrial release ([Livingston County case No.] 24-DV-111). [Citation.] The State further emphasized that, according to the [Office of Statewide Pretrial Services] Addendum to Criminal History, defendant was serving probation in [Will County case No.] 24-CF-416 (Domestic Battery ***) and conditional discharge in [LaSalle County case No.] 24-DV-111 (Domestic Battery ***) at the time he committed the instant offenses. [Citation.] In addition, defendant's probation had previously been revoked in [McDonough County case No.] 14-CF-201."

¶ 6                                    II. ANALYSIS

¶ 7          Defendant notified us that, instead of filing a memorandum, he intends to rely on his motion for relief. See Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). The only developed argument he made in his motion was that the State had failed to prove, by clear and convincing evidence, that "no condition or combination of conditions" could "mitigate *** the real and present threat" he posed to Alexandra's safety. 725 ILCS 5/110-6.1(e)(3) (West 2024). We quote his motion:

                 "c. Specifically, the Defendant proffered that he would abide by all
          pretrial conditions that the court deemed appropriate, including monitoring[ ] and
          domestic violence evaluation and treatment. [Citation.]

                 d. Further, the Defendant proffered that he has another residence he could
          reside in away from the victim."

¶ 8          In our *de novo* review of the proffered evidence (see *People v. Morgan*, 2025 IL

130626, ¶ 51), we conclude that those suggested conditions and, indeed, any other conditions of pretrial release would be impotent and ineffectual. A condition of pretrial release would be a court order, and defendant has already demonstrated his attitude toward court orders: it is an attitude of defiance. A court puts him on probation for domestic violence, and while on probation, he commits domestic violence again. The State proved, by clear and convincing evidence, that nothing short of pretrial detention would mitigate the real and present threat that defendant posed to Alexandra's safety.

¶ 9                                III. CONCLUSION

¶ 10          For the reasons stated, we affirm the circuit court's judgment.

¶ 11          Affirmed.